UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20962-CIV-HOEVELER/GARBER

STEVEN WALTER,

    Plaintiff,

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____

## ORDER DENYING SUMMARY JUDGMENT

BEFORE the Court is Steven Walter's motion for partial summary judgment on liability or, in the alternative, motion for the Court to instruct the jury that Carnival is presumed to be negligent, based on either the theory of *res ipsa loquitur*, or because Carnival lost crucial evidence that may have established the company's negligence. The motion has been fully briefed and is ready for a decision. For the reasons that follow, the motion is DENIED.

### Background

On April 13, 2009, Steven Walter filed this tort lawsuit against Carnival Cruise Lines for injuries sustained when Walter's deck chair collapsed while he was a passenger onboard the Carnival cruise ship "Legend." On April 12, 2010, Mr. Walter moved for summary judgment as to Carnival's liability, on the theory of *res ipsa loquitur*. In the alternative, if summary judgment is denied, Walter urges the Court to impose a presumption of liability against

1

Carnival, or to instruct the jury that they may infer Carnival's negligence based on either: (1) the theory of *res ipsa loquitur*, or (2) the fact that Carnival lost the broken deck chair.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

II.

In tort cases, the theory of *res ipsa loquitur* permits the trier of fact to draw inferences of negligence from certain kinds of unexplained circumstances. Johnson v. United States, 333 U.S. 46 (1948). For the theory to succeed, the plaintiff must establish that: (1) the event is of a type which ordinarily does not happen in the absence of someone's negligence; (2) the instrumentality causing the injury was, at the time of the accident, within the

2

exclusive control of the defendant; and (3) the accident was not due to any voluntary action or contribution on the part of the plaintiff. See, e.g., Olsen v. States Line, 378 F.2d 217, 220 (9th Cir. 1967); Savard v. Marine Contracting, 471 F.2d 536, 542 (2nd Cir. 1972). Even with the benefit of the *res ipsa* doctrine, the plaintiff must still prove the remaining elements of his claim, including that his alleged injuries were proximately caused by the defendant's wrongs, and damages. In this case, there is a significant factual dispute about the cause of Mr. Walter's injuries. Although the plaintiff submits that his injuries were caused by his fall from the deck chair, Carnival has presented evidence that all or part of the alleged injuries may have been pre-existing symptoms from previous back surgeries. As such, the plaintiff's motion for summary judgment is denied.

### III.

Next, the plaintiff contends that Carnival should be penalized for losing the chair in question. It appears that shortly after the incident, after Carnival employees prepared an accident report, the broken chair was lost. Carnival apparently intended to preserve the chair and has no information about its disappearance, other than speculation that it was lost on account of "mere negligence" by the employees charged with keeping track of it. Nevertheless, Carnival argues that information about the manufacturer of the chair and investigative reports and photographs provided to Mr. Walter sufficiently mitigate the loss of the chair. Mr. Walter responds

that Carnival should be subject to sanctions pursuant to the doctrine of spoliation.

"Spoliation" is the intentional destruction, mutilation, alteration, or concealment of evidence. St. Cyr v. Flying J Inc., 2007 WL 1716365 at *3 (M.D. Fla. June 12, 2007). Federal law governs the imposition of sanctions for spoliation of evidence in a diversity action. See Martinez v. Brink's, Inc., 171 Fed. Appx. 263, 269 (11th Cir. 2006). The Eleventh Circuit has held that appropriate sanctions for spoliation may include, among other things, (1) dismissing the case; (2) excluding expert testimony; or (3) instructing the jury that spoliation of evidence raises a presumption against the spoliator. Flury v. Daimler Chrysler Corp., 427 F.3d 939, 945 (11th Cir. 2005). To establish spoliation, the party seeking sanctions must prove several things; first, that the missing evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to prove its prima facie case or defense. See Floeter v. City of Orlando, 2007 WL 486633, at *5 (M.D. Fla. Feb. 9, 2007). However, a party's failure to preserve evidence rises to the level of sanctionable spoliation "only when the absence of that evidence is predicated on bad faith," such as where a party purposely loses or destroys relevant evidence. Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997). "Mere negligence" in losing or destroying records is not enough for an adverse inference, as "it does not sustain an inference of

consciousness of a weak case." <u>Vick v. Texas Employment Comm'n</u>, 514 F.2d 734, 737 (5th Cir. 1975). If direct evidence of bad faith is unavailable, bad faith may be founded on circumstantial evidence when the following criteria are met: (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator. <u>Calixto v. Watson Bowman Acme Corp.</u>, 2009 WL 3823390, at *16 (S.D. Fla. Nov. 16, 2009)

Here, the plaintiff has failed to present direct or circumstantial evidence demonstrating Carnival's bad faith in losing the chair, or evidence showing that Carnival engaged in an intentional affirmative act causing the chair to be lost. In fact, it appears just as likely, if not more so, that the chair was lost because of negligence, or an oversight by an oblivious crew member in the chain of custody, particularly since Carnival willingly produced other evidence demonstrating the construction and condition of the broken chair. Accordingly, the plaintiff's motion for a presumption of liability or a jury instruction based on spoliation is denied.

The plaintiff also seeks a jury instruction that Carnival can

be presumed negligent because of *res ipsa loquitur*. This request is also denied, without prejudice. The plaintiff is entitled to renew the motion after the presentation of its case at trial, either prior to or during the charge conference.

ORDERED AND ADJUDGED: The plaintiff's motion for summary judgment and other relief is DENIED, without prejudice for the plaintiff to renew its request for jury instructions based on the complete evidentiary record.

DONE AND ORDERED in Miami, Florida, July 22, 2010.

*[signature]*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE